| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 4/11/2024 |
| ELLEN ELIZABETH TARR, *on behalf of herself and all others similarly situated*,<br><br>                                        Plaintiff,<br><br>                -against-<br><br>LUCIO BATTISTI, INC.,<br><br>                                        Defendant. | 1:23-cv-08795-MKV<br><br>**ORDER DENYING MOTION<br>FOR DEFAULT JUDGMENT** |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Ellen Elizabeth Tarr brings this action, pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, alleging that Defendant Lucio Battisti, Inc. denies visually impaired people from having full and equal access to its website [ECF No. 1]. Before the Court is Plaintiff's motion for a default judgment [ECF Nos. 13, 14, 15, 17, 18, 19]. That motion is DENIED for lack of proper service.

After filing the complaint in this case, Plaintiff filed proof of service which states that "the summons" was served on "**manager jane doe**, who is designated by law to accept service of process on behalf of Lucio Battisti, Inc." [ECF No. 5 (emphasis in original); *accord* ECF Nos. 14-2, 18-2]. In her motion for a default judgment, Plaintiff asserts that such service was made "pursuant to Business Corporation Law – BSC § 306" [ECF No. 18 at 1].

Section 306 of the New York Business Corporation Law provides for "[s]ervice of process on a registered agent" and on the "the secretary of state as agent" of a corporation. N.Y. Bus. Corp. Law § 306(a)–(b)(1). While Plaintiff fails to cite the relevant provision of the C.P.L.R. in support of her motion for a default judgment, New York law provides that a corporation may also be served by delivering the summons and complaint "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to

receive service." N.Y. C.P.L.R. § 311(a)(1).  Under either provision, delivering a summons to an unidentified "jane doe" is insufficient service, even if the proof of service baldly asserts that the unidentified recipient of the summons is a "manager" authorized to accept service.  *See Baker v. Coates*, No. 22-cv-7986 (JPO) (SLC), 2023 WL 6007610, at *8 (S.D.N.Y. July 26, 2023) (plaintiff failed to make a *prima facie* showing that "John Doe[s]" were "were authorized to accept service on behalf of" defendants), *report and recommendation adopted*, 2023 WL 6289964 (S.D.N.Y. Sept. 27, 2023); *Richards v. New York State Dep't of Corr. Servs.*, 572 F. Supp. 1168, 1173 (S.D.N.Y. 1983) ("To demonstrate an agency relationship, something more than mere acceptance of service by a purported agent must be shown.").

Accordingly, IT IS HEREBY ORDERED that, by April 24, 2024, Plaintiff shall properly serve Defendant and file proof of such service on the docket.  As the Court has previously warned Plaintiff [ECF Nos. 6, 7], failure to comply with court orders and to prosecute this case may result in dismissal for failure to prosecute.

The Clerk of Court respectfully is requested to terminate the motions pending at docket entries 13 and 17.

**SO ORDERED.**

**Date:  April 11, 2024**
**      New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**